UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


PHILANDER S. McFARLAND          ]
     Plaintiff,                 ]
                                ]    No.
v.                              ]    (No. 3:13-mc-0180)
                                ]    Judge Sharp
DEBRA CASTEEL, et al.           ]
     Defendants.                ]


**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the South Central Correctional Center (SCCC) in Clifton, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Debra Casteel and fourteen other members of the SCCC staff, and a fellow inmate by the name of Lawrence, seeking injunctive relief and damages.

The complaint is often difficult to understand. However, it appears that the plaintiff believes that personal property was wrongly taken from his cell during several searches. In addition, the plaintiff mentions the defendants' failure to protect him from another inmate (Lawrence).

To establish a claim for § 1983 relief, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of a right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 101 S.Ct. 1908

1

(1981).

A prisoner's claim for the loss of personal property fails to state a cognizable action under 42 U.S.C. § 1983, *Id.*, even if the loss of property was the result of intentional misconduct. <u>Hudson v. Palmer</u>, 468 U.S. 517 (1984). This general proposition is inapplicable only when the state fails to provide an inmate with an adequate post-deprivation remedy. <u>Logan v. Zimmerman Brush Co.</u>, 455 U.S. 422, 435-436 (1982). In this regard, Tennessee's statutory post-deprivation remedy has been found to satisfy the requirements of due process. <u>McLaughlin v. Weathers</u>, 170 F.3d 577, 581-82 (6th Cir.1999). Therefore, in the absence of any allegations suggesting that the plaintiff has been denied the due process safeguards guaranteed to him by state law, the plaintiff has failed to state a claim related to the loss of property upon which relief can be granted.

As for plaintiff's assertion that some or all of the defendants failed to protect him from another inmate, the complaint contains no factual allegations suggesting that the defendants were aware of any impending threat to the plaintiff's well being. Thus, he has failed to state a claim based upon a failure to protect.

When a prisoner plaintiff has failed to state a claim, the Court is obliged to dismiss his complaint *sua sponte.* 28 U.S.C. § 1915(e)(2).

Accordingly, an appropriate order will be entered dismissing

this action.

_____
Kevin H. Sharp
United States District Judge